David Lee RUSSELL, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 16-6084

United States Court of Appeals,
Fourth Circuit.

Submitted: August 18, 2016

Decided: November 2, 2016

David Lee Russell, Appellant Pro Se.

Before AGEE, THACKER, and
HARRIS, Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

David Lee Russell, a federal inmate
housed in West Virginia, appeals the dis-
trict court's order dismissing without prej-
udice his complaint brought pursuant to
the Federal Tort Claims Act (FTCA), 28
U.S.C. §§ 1346(b)(1), 2671–2680 (2012).
Russell alleged that two of the prison's
healthcare providers committed malprac-
tice in treating his elevated blood pres-
sure. The district court concluded that
Russell's claim could not proceed because,
under West Virginia law, he required ex-
pert testimony to establish the elements of
the claim, W. Va. Code § 55–7B–3 (2016),
and he had not submitted a screening cer-
tificate of merit completed by an appropri-
ate expert, W. Va. Code § 55–7B–6 (2016).
We conclude that the court's failure to

explain its decision regarding the necessity
of expert testimony in this case renders it
difficult, if not impossible, to engage in
meaningful appellate review. We therefore
vacate and remand for further proceed-
ings.

We review a district court's dismissal for
failure to state a claim de novo, "ac-
cept[ing] as true the factual allegations set
forth in the complaint." Kerr v. Marshall
Univ. Bd. of Governors, 824 F.3d 62, 71
(4th Cir. 2016). Although we are "obli-
gat[ed] to liberally construe a pro se com-
plaint," the factual allegations must still
"be enough to raise a right to relief above
the speculative level." Id. at 71–72 (inter-
nal quotation marks omitted).

"The FTCA waives the federal Govern-
ment's sovereign immunity in tort actions,
making the United States liable in the
same manner and to the same extent as a
private individual under like circum-
stances." Cibula v. United States, 664 F.3d
428, 429 (4th Cir. 2012) (internal quotation
marks omitted). To determine liability un-
der the FTCA, courts apply "the law of the
place where the negligent act or omission
occurred." Id. at 430 (brackets and inter-
nal quotation marks omitted). Here, the
district court appropriately applied West
Virginia law.

Medical malpractice claims in West Vir-
ginia are governed by the Medical Profes-
sional Liability Act. Banfi v. Am. Hosp. for
Rehab., 207 W.Va. 135, 529 S.E.2d 600, 605
(2000). Generally, "in medical malpractice
cases[,] negligence or want of professional
skill can be proved only by expert wit-
nesses." Id. (internal quotation marks
omitted). However, failure to produce ex-
pert testimony "is not fatal to a plaintiff's
prima facie showing of negligence" when
"lack of care or want of skill is so gross, so
as to be apparent, or the alleged breach
relates to noncomplex matters of diagnosis
and treatment within the understanding of
lay jurors by resort to common knowledge

and experience." Id. at 605–06 (internal quotation marks omitted). Whether an expert is required is within the discretion of the court, and the court's decision on the matter is therefore reviewed for abuse of discretion. Id. at 605; see W. Va. Code § 55–7B–7 (2016).

In concluding that Russell was required to proffer an expert opinion before advancing his claim, the district court stated only that, "[u]pon a review of the case file, this [c]ourt finds this subject matter is such that requires expert testimony." Although the standard of review is deferential, the court's explanation must still allow us to engage in meaningful appellate review. We are unable to discern which facts the court deemed significant in concluding that Russell's is not one of the rare cases that may be submitted to a jury without the benefit of expert testimony. See Totten v. Adongay, 175 W.Va. 634,337 S.E.2d 2, 7 (1985) (describing "common knowledge exception" as "rare"). Accordingly, we vacate and remand for further proceedings.* The district court is free to reconsider its decision or again conclude that expert testimony is required. But, in either scenario, the court must identify specific reasons for its decision, drawing support from evidence in the record.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* Although the court may certainly reassess the propriety of appointing counsel at a later time, we conclude that the court did not abuse its discretion in denying Russell's motions for appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Further, because we vacate and remand the court's order dismissing Russell's FTCA claim, we decline to consider Russell's appeal of the order denying his Fed. R. Civ. P. 59(e) motion for reconsideration.